IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SEPTENT FINANCIAL, LLC, <br> directly and as assignee of EMC2 <br> FINANCIAL, LLC, <br>     *Plaintiff*, <br><br> v. <br><br> PATRICK J. DOGGETT <br>     *Defendant.* | § § § § § § § § § § § | CIVIL ACTION NO. <br><br> 6:19-cv-298 |

**PLAINTIFF SEPTENT FINANCIAL, LLC'S ORIGINAL COMPLAINT
WITH APPLICATION FOR TEMPORARY RESTRAINING ORDER,
TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION**

COMES NOW Plaintiff Septent Financial, LLC ("Septent" or "Plaintiff"), directly and as assignee of Emc2 Financial, LLC, and files this Original Complaint with Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction against Patrick J. Doggett ("Doggett" or "Defendant").  In support thereof, Plaintiff would show the following:

**PARTIES**

Plaintiff Septent Financial, LLC is a limited liability company duly organized and existing under the laws of the State of Delaware.  Its principal place of business within the State of Texas is located in Travis County, Texas.

Defendant Patrick J. Doggett is an individual resident of the State of Texas.  He may be served with citation at his residence at 10515 Walpole Lane, Austin, Texas 78739 or wherever he may be found.

## JURISDICTION

Pursuant to 28 U.S.C. § 1332(a)(1), this Court has original jurisdiction over this action because the suit involves a controversy between parties of diverse citizenship concerning claims in excess of $75,000.00.

## VENUE

Venue is proper under 28 U.S.C. 1391(a)(1) because the Western District of Texas is the judicial district in which Defendant resides and is subject to the Court's personal jurisdiction. Venue is also proper under 28 U.S.C. 1391(a)(2) because the Western District of Texas is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## STATEMENT OF MATERIAL FACTS

Emc2 Financial, LLC ("Emc2") is a Texas limited liability company which engaged in the business of investment and financial market software. Septent is a Delaware limited liability company primarily concentrating in software development. Doggett was an officer and manager for both Emc2 and Septent and continues to hold ownership interests in Emc2 and Septent as a member of both entities. On or about October 1, 2018, Emc2 entered into an Asset Purchase Agreement ("APA") with Septent wherein Emc2 transferred most of its assets to Septent, including an assignment of claims which were unknown at the time but now asserted on Emc2's behalf herein.

In 2017, while serving as an officer and manager for Emc2, Doggett diverted $40,000 of company and investor funds into his personal account. Doggett's transfer of funds was unauthorized and undocumented, and remained unknown until early 2019, at which time Doggett

was serving as an officer and manager for Septent. On or about March 6, 2019, after Doggett's transfer finally came to light, Septent removed Doggett as its officer and manager.

It has also come to light that Doggett engaged in other misconduct at Emc2/Septent's expense during his time as a manager and officer. Doggett's misconduct includes, by way of example, the following:

- Leveraging a personal loan to acquire equity in the company and using company funds to repay that loan;

- Causing Emc2/Septent to incur substantial debt in outstanding loans, unpaid payroll liabilities, back taxes and attorney fees;

- Causing Emc2/Septent to incur substantial charges for unnecessary items and/or inappropriate personal expenditures, including but not limited to, unwanted phone service for the company, software subscriptions only used by Doggett and his family, redundant insurance coverage for members of Doggett's family, and other substantial charges incurred on the company's behalf through Amazon or its debit card; and

- Knowingly aiding and abetting the embezzlement of company funds by another Emc2/Septent officer and manager.

As Septent's member, Doggett entered into a valid and enforceable agreement or set of agreements under which Doggett assumed a legal obligation not to disclose Septent's confidential information or work for Septent's competitors.[1] *See Ex. A,* §§ 11.01, 11.02. Presently, however, Doggett serves as manager to at least two of Septent's competitors, Traydex Group, LLC and Conscious Capital Investments, LLC. Upon information and belief, Doggett has disclosed or likely will disclose Septent's confidential information in the course of working with these competitors and possibly others.

Through the foregoing wrongful conduct, Doggett has caused Emc2/Septent to sustain substantial economic damages and compromised Septent's competitive position in the

---

[1] A copy of Septent's Company Agreement (the "Company Agreement") is attached as Exhibit A and fully incorporated by reference.

marketplace. Because Doggett has refused to take responsibility for causing these damages, and persists in dishonoring his non-disclosure and non-compete commitments to Septent, it has become necessary for Septent to seek remedies through this lawsuit.

## CAUSES OF ACTION

Each of the foregoing paragraphs is alleged in specific reference to each of the following causes of action:

### Breach of Fiduciary Duty

As Emc2/Septent's manager and officer, Doggett owed legal fiduciary duties of care and loyalty, including the following:

- the duty to act in an informed and deliberate manner prior to making business decisions;

- the duty to protect the company's interests and refrain from conduct which would injure the company and its members or deprive them of profit or advantage;

- the duty to act in good faith with an honesty of purpose and in the best interests and welfare of the company;

- the duty to disclose all material information when soliciting membership action;

- the duty of candor to disclose to the board material information in his possession bearing upon a board decision, particularly in regard to any personal interest in the outcome of a board decision; and

- the duty of oversight to assure a reasonable information and oversight system exists.

Doggett violated each of these duties as described above and thereby damaged Emc2/Septent. Doggett is therefore liable to Septent for all such damage. Further, Doggett carried out such conduct maliciously for the purpose of injuring Emc2/Septent, and is therefore additionally liable to Septent for punitive damages.

### Violation of Texas Theft Liability Act

Doggett unlawfully appropriated Emc2/Septent's property without Emc2/Septent's consent and with the intent to deprive Emc2/Septent of its property. In so doing, Doggett violated the Texas Theft Liability Act. *See* Tex. Civ. Prac. & Rem. Code § 134.001, *et seq*. By assuming and exercising control over Emc2/Septent's funds without permission or authorization, and in a manner inconsistent with Emc2/Septent's rights, Doggett has caused Emc2/Septent to incur actual damages and attorney fees for which it seeks recovery. Septent is further entitled to recover additional statutory damages pursuant to the Texas Theft Liability Act.

In connection with this cause of action and in an abundance of caution, to the extent Doggett's unlawful conduct could have occurred more than two years prior to the filing of this lawsuit, Septent pleads fraudulent concealment in avoidance of limitations and asserts that Doggett had actual knowledge of his own unlawful conduct, owed a legal duty to disclose such conduct, and acted with a fixed purpose to conceal that conduct, which Emc2/Septent did not discover nor could have discovered through the exercise of reasonable prudence prior to February 2019. Septent further pleads the discovery rule in avoidance of limitations and asserts that evidence of the losses caused by Doggett's conduct is objectively verifiable but was inherently undiscoverable prior to February 2019.

### Violation of Company Agreement Covenants

As a member of Septent, Doggett entered into a valid and enforceable agreement not to disclose or use Septent's confidential information received at any time for any personal, commercial or proprietary advantage or profit. *Ex. A,* § 11.01. Additionally, for the duration of his membership and two years thereafter, Doggett assumed a covenant not to render services, give advice, affiliate with, own, manage, control, or operate any competitor to Septent. *Ex. A,* § 11.02.

Presently, however, Doggett serves as manager to at least two of Septent's competitors, Traydex Group, LLC and Conscious Capital Investments, LLC.  Upon information and belief, Doggett has disclosed and/or used Septent's confidential information in the course of working with these competitors and possibly others.  Septent therefore seeks to enforce Doggett's compliance with the non-disclosure and non-compete provisions of the Company Agreement through the equitable remedies set forth below, and to recover costs Septent will incur to enforce such compliance, including reasonable attorneys' fees and expenses and court costs.  *Ex. A,* §§ 15.14-15.15.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION

Each of the foregoing paragraphs is alleged in specific reference to the following application for injunctive relief:

Pursuant to Section 15.14 of the Company Agreement, Plaintiff seeks temporary and permanent injunctive relief against Defendant so that he may be restrained and enjoined as described herein.

As a former manager officer and current member of Septent, Doggett was and is entrusted with access to Septent's confidential or proprietary information or trade secrets, including matters not readily known or available to the public which are of a technical or business nature, including but not limited to proprietary software code, information concerning business plans, financial statements and other information provided pursuant to the Company Agreement, operating practices and methods, expansion plans, strategic plans, marketing plans, contracts, and customer lists.  Plaintiff has invested, and continues to invest, substantial time, expense and specialized knowledge in developing this information so that it may provide Plaintiff with a competitive advantage over others in the marketplace.  Accordingly, Plaintiff would be irreparably harmed if such information were disclosed to competitors or made available to the public.

Unless Defendant is restrained and enjoined in the manner requested, Plaintiff will suffer imminent and irreparable injury, loss or damages for which there will be no adequate remedy at law. Specifically, if Defendant is not enjoined in the manner requested, Plaintiff will suffer substantial and ongoing disruption and harm to its competitive position and business *vis-à-vis* the competitors with whom Defendant presently affiliates and supports as a manager. Under such circumstances, Plaintiff's confidential information, to the extent it is known or otherwise accessible to Defendant, is at great risk of compromise and exposure.

The factual allegations set forth herein show that Plaintiff will likely prevail on the merits of its claims. Here, injunctive relief is sought for the purpose of protecting Plaintiff's business interests, which are jeopardized by Defendant's actions in breach of existing contractual obligations and legal duties.

The injury Plaintiff faces outweighs any injury that Defendant could bear as a result of the injunctive relief sought  The equities otherwise weigh in favor of granting the injunctive relief sought. Defendant's ongoing affiliations with Plaintiff's competitors necessarily compromises Plaintiff's confidential information and also compromises Plaintiff's competitive position in the marketplace. Defendant has no countervailing legally protected interest which would weigh against granting the injunctive relief sought. Defendant previously acknowledged that his breach of obligations under the Company Agreement give rise to irreparable harm to Plaintiff for which monetary damages would not be an adequate remedy and entitles Plaintiff to equitable relief. *See Ex. A,* § 15.14. Further, the injunctive relief sought will not adversely affect public policy or the public interest.

Plaintiff therefore seeks a temporary restraining order, followed by a temporary injunction after notice and hearing, and a permanent injunction upon a final trial of this matter, immediately restraining Defendant from the following activities or conduct:

(a) rendering services or giving advice to, or affiliating with (as an employee, partner, member, stockholder, consultant, officer, manager, or otherwise) any competitor to Septent, as defined by Section 11.02(a) of the Company Agreement, including but not limited to Traydex Group, LLC and Conscious Capital Investments, LLC;

(b) directly or indirectly owning, managing, operating, controlling or participating in the ownership, management, operation or control of any competitor to Septent, including but not limited to Traydex Group, LLC and Conscious Capital Investments, LLC, except as otherwise expressly permitted by Section 11.02 of the Company Agreement;

(c) Disclosing or using Plaintiff's confidential information, confidential or proprietary information or trade secrets, including matters not readily known or available to the public which are of a technical or business nature, including but not limited to information concerning business plans, financial statements and other information provided pursuant to the Company Agreement, operating practices and methods, expansion plans, strategic plans, marketing plans, contracts, and customer lists.

Plaintiff is willing to post a bond in support of the relief sought.

Defendant has not been afforded with notice of Plaintiff's request for the temporary restraining order sought herein and none should be required because there are no less drastic means to protect Plaintiff's interest and such notice would, in all likelihood, accelerate the unauthorized disclosure and/or use of Plaintiff's confidential information.

## PRAYER

WHEREFORE, Plaintiff prays that upon final hearing, the Court enter final judgment awarding relief to Plaintiff as follows:

a. Injunctive relief as set forth above;

b. Actual damages;

c. Exemplary damages and statutory penalties;

d. Pre- and post-judgment interest at the highest rate allowed by law;

e. Reasonable attorneys' fees and costs as allowed by law; and

f. Such other and further relief, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

THE SNELL LAW FIRM, P.L.L.C.

BY:   */s/ Jason W. Snell*
      JASON W. SNELL
      Bar No. 24013540
      W. LANCE CAWTHON
      Bar No. 24006979
      1615 West Sixth Street, Suite A
      Austin, Texas 78703
      (512) 477-5291 – Telephone
      (512) 477-5294 – Fax
      firm@snellfirm.com – Email

ATTORNEYS FOR PLAINTIFF

## VERIFICATION

STATE OF TEXAS § 

§

COUNTY OF TRAVIS §

My name is Brian Yeakey. My date of birth is April 29, 1965 and my address is 407 Rocky Coast Drive, Austin, Texas 78738. I declare under penalty of perjury, pursuant to Texas Civil Practice & Remedies Code § 132.001, the following:

I am the Manager for Septent Financial, LLC, Plaintiff in the above-entitled and numbered cause. I have read the above pleading and have personal knowledge that all factual allegations contained therein are true and correct.

Executed in Travis County, State of Texas, on the 9th day of May, 2019.

_____
Brian Yeakey

PLAINTIFF SEPTENT FINANCIAL, LLC'S ORIGINAL COMPLAINT WITH APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION

PAGE 10 OF 10